```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
JOSHUA O. WAYEE, II, ON BEHALF OF           :
HIMSELF, INDIVIDUALLY, AND ALL OTHERS       :   ORDER GRANTING MOTION
SIMILARLY SITUATED                          :   TO DISMISS
                                            :
                          Plaintiff,        :   09 Civ. 3809 (AKH)
                                            :
             -against-                      :
                                            :
RECOVERY'S UNLIMITED, INC.                  :
                                            :
                          Defendant.        :
-------------------------------------------------------------- x
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

Defendant Recovery's Unlimited, Inc. ("RUI"), brings this motion to dismiss, pursuant to Fed. R. Civ. P. 12(c), Plaintiff Joshua O. Wayee's putative class action alleging violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Because Plaintiff fails to allege facts sufficient to show a violation of the FDCPA, I grant Defendant's motion.

Plaintiff alleges that he received a debt collection letter from Defendant containing an expired New York City Department of Consumer Affairs ("DCA") License Number. Compl. ¶¶ 6, 8. He does not allege that defendant was unlicensed when it sent the letter, but rather that it was licensed under a different number. Id. ¶ 9. As a result, plaintiff alleges, consumers were unable to gain any information concerning Defendant from the DCA. Id. ¶ 10.

The court treats a motion to dismiss under Fed. R. Civ. P. 12(c) according to the same standards as a motion under Rule 12(b)(6). Johnson v. Rowley, 569 F.3d 40, 43 (2d Cir. 2009). To survive the motion, plaintiff's complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

1

that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Plaintiff argues that Defendant's use of the expired License Number violates 15 U.S.C. § 1692e, which prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." The section provides a non-exhaustive list of prohibited practices. Plaintiff argues that Defendant's act constitutes three of these: (1) "[a] threat to take an[] action that cannot legally be taken," (2) "[a] use or distribution of a[] written communication . . . which creates a false impression as to its source, authorization, or approval," and (3) "[a] use of a[] false representation or deceptive means to collect a[] debt . . . ." §§ 1692e(5), (9), (10).

Compliance with the FDCPA is "determined from the perspective of the 'least sophisticated consumer.'" Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008) (quoting Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993). It is an objective standard that preserves the concept of reasonableness. Jacobson, 516 F.3d at 90. A communication is deceptive in violation of § 1692e if it can "be reasonably interpreted 'to have two or more different meanings, one of which is inaccurate.'" Moore v. Diversified Collection Servs., Inc., No. 07 Civ. 397 (ENV) (VVP), 2009 WL 1873654, at *4 (E.D.N.Y. June 29, 2009) (quoting Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996).

Plaintiff points to no authority suggesting that the use of an expired license number by a licensed debt collector constitutes a violation of § 1692e. In Richardson v. Allianceone Receivables Mgmt, Inc., No. 03 Civ. 5519 (DLC), 2004 WL 867732 (S.D.N.Y. April 23, 2004), Judge Cote dismissed a claim alleging that a licensed debt collector's failure to include his License Number in a collection letter violated §§ 1692e(5) and (10). Id. at *3. With regard to the § 1692e(10) claim, the court held that although the defendant's "failure to list its License Number may violate a New York City ordinance, there is no basis to conclude that this minor deficiency renders the Letter false, deceptive, or misleading within the meaning of the FDCPA."

2

Id. The court disposed of the § 1692e(5) claim on the same ground. Id. ("The violation of a technical City ordinance not specific to debt collection activities resulting in no identifiable harm to Richardson is insufficient to state a claim under the FDCPA.").

Plaintiff attempts to distinguish its claim from that at issue in Richardson by noting that Defendant provided an incorrect License Number as opposed to no license number at all. Plaintiff, however, points to no caselaw suggesting the relevance of this distinction or any reason why it should matter. He relies on the fact that the expired License Number is "per se" false. Such a technical deficiency is insufficient to give rise to liability under the FDCPA. See Nero v. Law Office of Sam Streeter, P.L.L.C., --- F. Supp. 2d ---, No. 08 Civ. 1459 (KAM) (RLM), 2009 WL 2981973, at *6 ("Courts do not . . . recognize technical failures to comply with state or city licensing statutes as actionable under the FDCPA" (citing Kuhne v. Cohen & Slamowitz, LLP, et al., 07-CV-1364(HB), 2008 U.S. Dist. LEXIS 17197, at *14-16 (S.D.N.Y. Mar. 5, 2008); Richardson, 2004 WL 867732, at *2-4; Lindbergh v. Transworld Sys., Inc., 846 F. Supp. 175, 180-81 (D.Conn.1994)). Here, as in Richardson, Defendant was licensed by the DCA, his act of debt collection was legal, and Plaintiff was unharmed. See Id., 2004 WL 867732, at *3. As Judge Cabranes noted in Lindbergh, permitting claims based on such technical deficiencies to go forward would reflect "a false, narrow, and overly mechanical reading of the FDCPA." Lindbergh, 846 F. Supp. at 181.

For the reasons stated above, I grant Defendant's motion. The Clerk shall mark the motion (Doc. #9) as terminated and the case as closed.

SO ORDERED.

Dated:     October //, 2009
              New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3